## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| RICK GALE, | ) |
| | ) Case No.: 3:25-cv-00585 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MEMORIAL HOSPITAL OF | ) |
| SOUTH BEND, INC., | ) |
| BEACON HEALTH SYSTEM INC., | ) |
| and BEACON MEDICAL GROUP INC., | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT AND REQUEST FOR JURY TRIAL

**COMES NOW**, Plaintiff Rick Gale, by counsel, Andrea L. Ciobanu of CIOBANU LAW, P.C., complaining of Defendants Memorial Hospital of South Bend, Inc., Beacon Health System Inc., and Beacon Medical Group Inc. and states to this Court as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this litigation implicates the proper interpretation and application of the federal Americans with Disabilities Act ("ADA") which prohibit discrimination on the basis of disability by public accommodations.

2. The Court may grant declaratory relief and other necessary or proper relief pursuant to 28 U.S.C. § 2201 and 2202, and may grant equitable relief, monetary damages, and a civil penalty pursuant to 42 U.S.C. § 12188(b)(2).

3. Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose in St. Joseph County, Indiana, which is located within the Northern District of Indiana.

1

4. This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367 since they form part of the same case or controversy.

## PARTIES

5. Plaintiff Rick Gale (hereinafter "Plaintiff") is an individual who resides in St. Joseph County, Indiana.

6. Memorial Hospital of South Bend, Inc. (hereinafter "Memorial Hospital") is a domestic nonprofit corporation duly licensed under the laws of the State of Indiana and, at all times relevant, was engaged in the business of providing medical services to patients.

7. Beacon Medical Group Inc. (hereinafter "Beacon Medical") is a domestic nonprofit corporation duly licensed under the laws of the State of Indiana and, at all times relevant, was engaged in the business of providing medical services to patients.

8. Beacon Health System Inc. (hereinafter "Beacon Health") is a domestic nonprofit corporation duly licensed under the laws of the State of Indiana and, at all times relevant, was engaged in the business of providing medical services to patients.

9. Memorial Hospital, Beacon Medical, and Beacon Health may collectively hereinafter be referred to as "Defendants".

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff was an individual with a "Disability" as defined in 42 U.S.C. § 12102.

11. Plaintiff's disability restricted him to a three-wheel scooter for mobility.

12. Memorial Hospital is a place of public accommodation as contemplated by the ADA.

13. Health care facilities, such as Memorial Hospital, must ensure their buildings are accessible to people with disabilities.

14. Memorial Hospital, Beacon Medical, and Beacon Health manage and operate Memorial Hospital, located at 515 N. Michigan St., South Bend, IN 46601.

15. Upon information and belief, Memorial Hospital, Beacon Medical, and/or Beacon Health receive federal funding for operations, programs, and services provided at Memorial Hospital.

16. On or around July 27, 2024, Plaintiff and his partner traveled to Memorial Hospital to visit a patient.

17. At the time of Plaintiff's visit to Memorial Hospital, Plaintiff was an invitee.

18. Defendants owned and managed the premises of Memorial Hospital, including its entryways.

19. The ADA requires that Memorial Hospital provide at least one accessible route for entering the facility at its main entrance.

20. To comply with ADA requirements, Memorial Hospital must make reasonable modifications to policies, practices, and procedures to ensure access for individuals with disabilities.

21. The main entrance to Memorial Hospital has two entryways, including a sliding door and a revolving door.

22. The sliding door does not open from the outside.

23. The sliding door also has a sign stating that it is "Exit Only."

24. There were no signs posted at Memorial Hospital's main entrance to indicate a handicap accessible entryway into the facility.

25. If all doors are inaccessible from the outside and the only available entrance is a revolving door, this presents a barrier for individuals with disabilities, particularly those using mobility devices such wheelchairs, walkers, and scooters.

26. Revolving doors, revolving gates, and turnstiles are not accessible routes and are not compliant under ADA standards.

27. The main entrance to Memorial Hospital does not have an ADA compliant entryway.

28. When Plaintiff arrived at Memorial Hospital's main entrance, he and his partner were directed not to use the sliding door because it was exit only.

29. Plaintiff was directed to use the revolving door, despite the fact that Plaintiff was clearly restricted to a scooter.

30. As Plaintiff attempted to enter through the revolving door, his scooter became stuck, causing Plaintiff to flip over and injure himself.

31. Plaintiff then spent the following hours in the emergency room, where he was treated for his injuries.

32. Plaintiff returned to Memorial Hospital the following day, July 28, 2024, where he was again directed not to use the sliding door.

33. Like the day before, the sliding door was inaccessible from the outside and had a sign stating, "Exit Only."

34. Again, there were no signs indicating a handicap accessible entryway into the facility.

35. Because he did not want to risk injuring himself again by using the revolving door, Plaintiff waited for another guest to exit through the "Exit Only" sliding door to enter the facility.

36. Once inside, hospital staff told Plaintiff that he could not use the sliding door as an entrance.

37. On August 26, 2024, Plaintiff mailed a Notice of Tort Claim to Memorial Hospital via certified mail notifying Memorial Hospital of the ADA violations committed by Defendants in connection with the non-compliant entryways.

38. The Notice of Tort Claim was delivered to Memorial Hospital on August 28, 2024.

39. The Indiana Civil Rights Commission has also issued a finding of probable cause against Memorial Hospital that the entryways to the hospital constituted a discriminatory act against Plaintiff in violation of the Indiana Civil Rights Law.

40. Defendants are on notice that the entryways located at Memorial Hospital's main entrance are not compliant with the ADA.

41. To date, despite being on notice of the aforementioned ADA violations, Defendants have not corrected these violations at Memorial Hospital and have otherwise failed to provide an ADA compliant entryway at the main entrance of the hospital.

42. As a result of Defendants' acts and omissions, Plaintiff suffered economic and non-economic damages, including, but not limited to physical harm and emotional distress.

### COUNT I: VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

43. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

44. Title II of the ADA mandates that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

45. Discrimination under Title II of the ADA includes the failure to remove architectural barriers, to the extant that such removal is readily available and, to the extent that such removal is not readily available, a public accommodation must make its "goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

46. Moreover, federal regulations specify that "a public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities". 28 C.F.R. § 36.211.

47. Pursuant to ADA, revolving doors, revolving gates, and turnstiles shall not be part of an accessible route.

48. Here, Memorial Hospital had accessible sliding doors readily available to disabled persons, such as Plaintiff, but denied their use.

49. Because Memorial Hospital does not have an ADA compliant entryway at the main entrance, Plaintiff was forced to use the revolving door which, by law, was noncompliant by the ADA.

50. Memorial Hospital can easily accommodate disabled individuals, such as Plaintiff, with ADA compliant entryways but has failed to do so.

51. Memorial Hospital denied Plaintiff the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations based on his disability in violation of Title II of the ADA.

52. Memorial Hospital continues to maintain and enforce a policy which denies individuals similarly situated as Plaintiff, the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations based on his disability in violation of Title II of the ADA.

53. Plaintiff requests the injunctive relief that Memorial Hospital complies with ADA requirements for its entryways and that he has the ability to return to Memorial Hospital in an ADA compliant environment.

### COUNT II: VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

54. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

55. Title III of the ADA mandates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

56. Discrimination under Title III of the ADA includes the failure to remove architectural barriers, to the extant that such removal is readily available and, to the extent that such removal is not readily available, a public accommodation must make its "goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

57. Moreover, federal regulations specify that "a public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities". 28 C.F.R. § 36.211.

58. Pursuant to ADA, revolving doors, revolving gates, and turnstiles shall not be part of an accessible route.

59. Here, Memorial Hospital had accessible sliding doors readily available to disabled persons, such as Plaintiff, but denied their use.

60. Because Memorial Hospital does not have an ADA compliant entryway at the main entrance, Plaintiff was forced to use the revolving door which, by law, was noncompliant by the ADA.

61. Memorial Hospital can easily accommodate disabled individuals, such as Plaintiff, with ADA compliant entryways but has failed to do so.

62. Memorial Hospital denied Plaintiff the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations based on his disability in violation of Title III of the ADA.

63. Memorial Hospital continues to maintain and enforce a policy which denies individuals similarly situated as Plaintiff, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations based on his disability in violation of Title III of the ADA.

64. Plaintiff requests the injunctive relief that Memorial Hospital complies with ADA requirements for its entryways and that he has the ability to return to Memorial Hospital in an ADA compliant environment.

### COUNT III: VIOLATION OF THE REHABILITATION ACT

65. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a

factual allegations section, pleaded with sufficient factual matter, which demonstrates that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

66. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 provides, "[n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

67. Defendants have intentionally discriminated against Plaintiff by refusing to provide accessible entrances at Memorial Hospital necessary for Plaintiff, and other similarly disabled person, to enter the facility.

68. Defendants have failed to provide reasonable modification or accommodation as necessary and required by Section 504 of the Rehabilitation Act.

69. Defendants receive federal funding in the form of grants from the United States government.

70. Defendants, as a recipient of federal funding, is required to abide by the requirements, rules and regulations of 29 U.S.C. § 794.

71. Plaintiff has suffered injuries and damages as a result of Defendants' conduct as described above.

**COUNT IV: PREMISES LIABILITY**

72. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

73. Defendants owed a duty to Plaintiff who was an invitee to Memorial Hospital.

74. Defendants had a duty to exercise reasonable care for Plaintiff's protection while he was on the premises of Memorial Hospital.

75. Defendants had a duty to provide a safe and suitable means of ingress and egress for Memorial Hospital.

76. Defendants failed to uphold their duty to exercise reasonable care for Plaintiff's protection.

77. Specifically, Defendants failed to provide a safe and suitable entryway for disabled persons, such as Plaintiff.

78. Plaintiff suffered physical and emotional injuries as a direct result of Defendants' breach of duty.

## PRAYER FOR RELIEF

Plaintiff prays that the Court enter judgment on his behalf and against Defendants on all counts of this complaint and:

A. Declare that Defendants' conduct as alleged herein violates the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 to the fullest extent of those laws;

B. Enjoin Defendants, their officers, agents, employees, and all others in concert or in participation with it, from engaging in discrimination against individuals with disabilities, and from failing to comply with the Americans with Disabilities Act;

C. Require that Defendants become compliant with the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* for its entryways at Memorial Hospital;

D. Order that Defendants provide ADA training for its officers, agents, employees, and others in concert or in participation with it;

E. Award Plaintiff compensatory damages for his physical injuries and emotional distress as well as reasonable attorney's fees and litigation costs incurred in this matter to the fullest extent of law;

F. Allow Plaintiff to return to Memorial Hospital with full and equal enjoyment; and,

G. Award any and all other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action to the fullest extent permitted by law.

Date: July 3, 2025

Respectfully submitted,

_s/ Andrea L. Ciobanu_
Andrea L. Ciobanu, #28942-49
CIOBANU LAW, P.C.
902 E. 66th Street
Indianapolis, IN 46220
Phone: (317) 495-1090
Fax: (866) 841-2071
Email: aciobanu@ciobanulaw.com